IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22-cv-00399 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| A. FREEMAN, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Leon Johnson, an inmate in the custody of the Virginia Department of Corrections and proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. Her complaint appears to name seven defendants—A. Freeman, J. Shepherd, "Attorney General," K. Sykes, Day, S. Fuller, and C. Manis.[1] The entirety of her factual allegations are as follows:

> A. Freeman got Plaintiff['s] legal materials to make copies and notar[ize] it, which took place at Red Onion State Prison on August 24, 2021, and the legal material was never returned back in violation of the First Amendment. J. Shephard was giv[en] Plaintiff['s] legal material without Plaintiff['s] permission and [did] not return [it] to Plaintiff which took place at Red Onion State Prison on August 24, 2021, [and] which [was] in violation of the First Amendment.

(Compl. 2, Dkt. No. 4.)

Recently, Johnson filed a document titled as a "Motion to File an Amended Complaint," which the court construes as a proposed amended complaint. (Dkt. No. 11.) As discussed herein, the court will allow the amendment and will review both the original and amended complaints pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth herein, the case will be dismissed in its entirety.

---

[1] In the proposed amended complaint (Dkt. No. 11), Johnson states that she is a transgender woman. Because she refers to herself using feminine pronouns, the court also does so.

I.  DISCUSSION

A.     **28 U.S.C. § 1915A(a)**

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Applying these standards to Johnson's complaint, the court concludes that it fails to state a claim for which relief can be granted.  Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

B.     **Johnson's Original Complaint**

Johnson acknowledges that she previously filed a complaint in federal court asserting the same factual allegations, identifying *Johnson v. Freeman*, No. 7:22-cv-00107 (W.D. Va.). (Compl. 1.)  In that case, as here, Johnson does not clearly identify what claims she is bringing. But in the earlier case, the court construed her complaint as asserting a claim under the Virginia Tort Claims Act ("VTCA"), as well as two claims brought pursuant to 42 U.S.C. § 1983: (1) that her First Amendment right to access the courts had been infringed; and (2) that her property was taken without due process, in violation of the Fourteenth Amendment.  In its initial review of the complaint in the earlier case, the court dismissed all of the claims, but dismissed the First

Amendment claim without prejudice and gave Johnson an opportunity to move to reopen the case by filing an amended complaint asserting only that claim. *Johnson v. Freeman*, No. 7:22-cv-107 (W.D. Va. April 7, 2022), Dkt. Nos. 8, 9. Johnson did so, and submitted her proposed amended complaint.

The court granted the motion to reopen for the limited purposes of reviewing Johnson's amended complaint pursuant to 28 U.S.C. § 1915A(a), but ultimately concluded that the amended complaint had to be dismissed because it "fail[ed] to correct the primary deficiencies previously identified by the court." *Johnson v. Freeman*, No. 7:22-cv-107 (W.D. Va. May 3, 2022), Dkt. No. 11, at 1. The dismissal was without prejudice. *Id.*, Dkt. No. 12.

Johnson later moved to reopen the case again and to amend her complaint. *Id.*, Dkt. Nos. 14, 16. The court denied those motions, explaining that "Johnson may file a new case asserting whatever claims [she] wishes to raise, but [she] was given an opportunity to amend [her] complaint once and failed to remedy its deficiencies. Thus, the court will require [her] to file any revised or amended complaint as a new case." *Id.*, Dkt. No. 17 at 1.

It appears that this case is intended to be the "new case" in which she raises the same claims. But Johnson's claims in her original complaint here suffer from the same infirmities as the claims in both her original complaint and her amended complaint in her prior case, and her claims in the original complaint here fail for the same reasons as the claims in those complaints. The court finds it unnecessary to go into any detail concerning the basis for its dismissal here and instead expressly incorporates its reasoning from both of its memorandum opinions in that case—Dkt. Nos. 8 and 11—which are attached to this opinion as exhibits.

C.     **Johnson's Motion for Leave to Amend and Proposed Amended Complaint**

The document that is both Johnson's motion for leave to amend and proposed amended

3

complaint contains significantly more detail than her original complaint. The complaint has not yet been served, and the court will grant her motion to amend her complaint. *See* Fed. R. Civ. P. 15. The question then becomes whether the additional details in the amended complaint remedy the deficiencies and entitle Johnson to continue with her claims. For the reasons discussed next, the court concludes that the amended complaint also fails to state a claim and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

First of all, any due process claims based on deprivation of her property and any VTCA claims fail for the reasons given by the court in the last case. *See* Exhibits. None of her additional allegations alter the court's analysis.

With regard to her claim that defendants violated her First Amendment rights by denying her access to the courts, Johnson's amended complaint provides additional detail about the legal documents purportedly taken from her in August 2021 and not returned. Specifically, she claims that she gave Freeman a large, brown envelope, which contained documents that she had requested be copied and notarized, but not mailed. According to Johnson, the document was a response to a motion to dismiss in a civil case Johnson had filed in state court. Although Johnson does not expressly say so, her allegations at least imply that the case was dismissed based on her failure to respond to that motion, which she claims was the result of not getting those documents returned to her.

She identifies the state case as case number CL19-2306, in Augusta County Circuit Court, and she states that the case asserted a tort claim against the Augusta Correctional Center ("ACC") for denying her access to the courts, denying her religious items, and depriving her of property. (Am. Compl. ¶¶ 35, 51, Dkt. No. 11.)

Later the same day that she gave Freeman the envelope, Johnson was moved to a

4

different building.  After about two weeks had passed and she had not received her documents back, Johnson spoke to two different counselors, who both said they would reach out to Freeman.  (*Id.* ¶¶ 41–42.)  Johnson says that "no action [was] taken," and she began utilizing the prison's grievance procedure regarding her lost legal papers.  (*Id.* ¶ 43.)  She explains that, after the investigation into her complaints, she was informed that Freeman had given the legal paper and the big brown envelope to Shepherd, who Johnson says "did not have the permission to open and inspect for contraband."  (*Id.* ¶ 45.)  Johnson claims that Shepherd was "outside his duty" by opening, reading, and not returning the envelope, because Shepherd had to have approval from the warden in order to do so.  (*Id.* ¶ 46.)  She also claims that "the prison and prison officials maintained a policy or custom of ignoring the improper handling of legal mail."  (*Id.*)

      Johnson faults Sykes for failing to do a proper investigation into Johnson's complaints, and she faults Day, Fuller, and Manis for their handling of and denying of her grievances regarding this issue.  (*Id.* ¶¶ 48–50, 52, 56.)  She claims that they witnessed "Freeman's illegal action[,] fail[ed] to correct that misconduct, and encourage[ed] the continuation of the misconduct."  (*Id.* ¶ 55.)

      As the court noted in its prior opinions, *see* Exhibits, a First Amendment claim alleging a denial of court access requires the plaintiff to plead *facts* to show that the underlying, lost legal claims were nonfrivolous.  This generally requires pleading sufficient facts to know both the claims brought in the underlying suit and the facts on which they were based.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that a plaintiff must identify in his complaint a "nonfrivolous," "arguable" legal claim that was lost, along with the potential remedy that claim sought to recover).

      Johnson now identifies generally the three types of claims in the underlying state court

suit that she alleges defendants caused to be dismissed—a denial of access to courts claim, a denial of her religious items, and a deprivation of property. But she offers no additional facts or details concerning her religious items or property and thus has not adequately plead that either of those claims were non-frivolous. *See id.*

With regard to Johnson's claim in her state-court case that she was denied access to the courts, that prior claim appears to be based on events she describes as occurring in August 2017. At that time, she was housed at ACC, and she claims that she was "fighting a criminal reliance," and that there were "harmful errors that occurred in her [criminal] case." (*Id.* ¶¶ 12–13.) She states that the actions of ACC personnel made her "unable to communicate with her lawyer about whether to appeal before the filing deadline had passed." (*Id.* ¶¶ 14–15.) Construed liberally, the court interprets her state-court allegation to be that the actions of the ACC personnel in August 2017 prevented her from timely appealing her criminal conviction.[2] Thus, Johnson's denial-of-access claim here is based on the dismissal of a *prior* claim alleging denial of access, which, in turn, was based on allegedly being deprived of a timely criminal appeal by ACC officials.

Johnson, however, has not adequately alleged any facts to show that her state-court claim was nonfrivolous. Indeed, state court records flatly refute any claim that an appeal was not timely filed from her criminal conviction. In particular, judgment was entered in the Portsmouth

---

[2] According to records from the Portsmouth City Circuit Court, Johnson was convicted after a bench trial in Case No. CR16000141-02, of violating Va. Code Ann. § 18.2-47 (describing abduction and kidnapping). She was sentenced to eight years of imprisonment, with none suspended, on October 11, 2016. (Two months later, she was sentenced for violating the terms of her probation in a prior case out of Chesapeake Circuit Court, Case Number CR1500-1239-00, and she was sentenced to six years and six months, with four years suspended.) As explained in the text, Johnson suggests that she was deprived of her opportunity to appeal her conviction, but she timely appealed the judgment in the 2016 case. The petition for appeal was denied by the Court of Appeals of Virginia, *Johnson v. Commonwealth*, No. 1754-16 (Va. Ct. App. May 12, 2017), and the Supreme Court of Virginia also refused her petition for appeal. *Johnson v. Commonwealth*, No. 17-0760 (Va. Apr. 18, 2018). She subsequently filed a petition of actual innocence, which was summarily dismissed. *Johnson v. Commonwealth*, Case No. 1261-20-1 (Va. Ct. App. Dec. 18, 2020).

City Circuit Court on October 11, 2016, and a timely notice of appeal was filed on October 27, 2016. *See* Va. Code Ann. § 8.01-675.3 (requiring a notice of appeal to the Court of Appeals within 30 days from the date of any final judgment order or conviction). Likewise, a timely petition to appeal was filed from the Court of Appeals decision in her criminal case. The Court of Appeals denied the petition on May 12, 2017, the record was filed with the Supreme Court of Virginia on June 20, 2017, and the petition for appeal was filed on June 6, 2017. *See* Va. Sup. Ct. R. 5A:12(a)(4) (stating that a discretionary appeal must be filed not more than 40 days after the filing of the record with the court). In sum, then, Johnson has not pled facts sufficient to show that defendants' actions caused her to lose a nonfrivolous claim, her denial-of-access claim must be dismissed.

     Lastly, it appears that Johnson may be arguing that her constitutional rights were violated because her outgoing legal mail was opened by Shepherd without permission and in violation of VDOC policy. These limited allegations, however, also fail to state a constitutional claim. Indeed, many courts have held that a single occurrence of mail being opened, even intentionally, does not give rise to a constitutional violation. *See Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983) (A "few isolated instances of plaintiff's [legal] mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct . . . were not of constitutional magnitude."). *See also, e.g., Cuozzo v. Warring*, No. 7:21-CV-00501, 2022 WL 3579905, at *7 (W.D. Va. Aug. 19, 2022) (collecting authority); *West v. Jones*, No. 7:19CV00819, 2020 WL 7586911, at *2 (W.D. Va. Dec. 22, 2020) (same). And here, aside from her summary allegation that there is a policy and practice of doing so, Johnson offers no additional facts to show that her legal mail was opened other times without permission. It is also worth noting that Johnson has stated that the documents in the envelope were not to be mailed,

7

but only copied and notarized. Thus, Johnson was specifically requesting that someone (if not Shepherd) notarize the contents of the envelope, which would involve removing the contents.

Furthermore, the mere fact that Shepherd violated VDOC policy, without more, does not rise to the level of a constitutional violation. Absent some enforceable promise, a state's failure to adhere to its own procedures and regulations generally is not a federal due process issue nor is it actionable under § 1983. *See Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990); *see also Weller v. Dep't of Social Servs.*, 901 F.2d 387, 392 (4th Cir. 1990) ("[I]t is well settled that violations of state law cannot provide the basis for a due process claim."). Thus, the fact that VDOC policy allegedly required approval from the warden before Shepherd could open Johnson's mail, which Shepherd lacked, does not mean that Johnson's constitutional due process rights were violated.

## II. CONCLUSION

For the foregoing reasons, Johnson's motion to amend will be granted, but all of her claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Additionally, because Johnson has now been given multiple opportunities—in the earlier case and this one—to state a valid legal claim based on the allegations in her complaint, her complaint will be dismissed with prejudice.

An appropriate order will be entered.

Entered: December 6, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

EXHIBITS

- Mem. Op., *Johnson v. Freeman*, No. 7:22-cv-00107 (W.D. Va. April 7, 2022)
- Mem. Op., *Johnson v. Freeman*, No. 7:22-cv-00107 (W.D. Va. May 3, 2022)